IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK L. BROWN, :
:
    Petitioner, : CIVIL NO. 3:CV-09-1436
:
  v. :
:
: (Judge Vanaskie)
B.A. BLEDSOE, et al., :
:
:
    Respondents. :

## MEMORANDUM

Derrick L. Brown, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Named as Respondents are USP-Lewisburg Warden B. A. Bledsoe and various federal officials.[2] Brown has also submitted an application

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. Warden Bledsoe is Petitioner's custodial official for purposes of § 2242.

requesting leave to proceed in forma pauperis which will be granted for the sole purpose of the filing of this action.

Brown's Petition indicates that he is presently serving a 387-month term of incarceration imposed by the United States District Court for the Western District of Tennessee. He notes that the underlying alleged criminal conduct occurred in Memphis, Tennessee. Petitioner states that he is "actually, factually and constitutionally innocent." (Dkt. Entry # 1, ¶ 6, Ground One.) Brown contends that his conviction violated the prohibition against double jeopardy, the separation of powers doctrine, and his constitutional due process rights. He further maintains that the trial court lacked jurisdiction and his conviction stemmed from an improper indictment. The Petition indicates that Brown's conviction was affirmed by the United States Court of Appeals for the Sixth Circuit on June 19, 2009. The Petition also indicates that he filed a "writ of error" with the Sixth Circuit, which was denied on December 17, 2008. (Id. at ¶ 5.) Finally, the Petition states that Brown has not sought relief by way of a motion under 28 U.S.C. § 2255.[3]

---

[3] According to the electronic record of the United States District Court for the Western District of Tennessee in United States v. Brown, No. 2:06-CR-20180, Brown's petition for a writ of certiorari was denied on October 5, 2009. Id., Dkt. Entry 182. The records of the Western District of Tennessee also include a copy of the Sixth Circuit opinion affirming Brown's conviction and sentence. (Id., Dkt. Entry 177.) In the course of its summary affirmance of the conviction and sentence, the Sixth Circuit observed that "Brown has become a prolific filer of frivolous pro se motions and pleadings in federal courts," raising such patently meritless issues "as the district court's lack of 'federal criminal jurisdiction' over him and the 'invalidity' of Title 18

The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.  See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Thus, section 2241 habeas corpus petitions are subject to judicial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  See Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).  In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  In this case, it is apparent from the face of the petition that Brown cannot seek habeas relief in this Court.

Petitioner argues that he is entitled to bring his present claims in a  § 2241 petition because he is contending that he is actually innocent.  When challenging the validity of a federal conviction, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the

---

of the United States Code."  (Id. at 6.)  These frivolous arguments form the premise for his section 2241 petition and claim of innocence in this Court.

validity of a conviction or sentence")  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed.  Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47. (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.  See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his federal conviction and sentence.  Thus, he must do so by following the requirements of  § 2255.  In this regard, it is clear that the time limitation for seeking relief under section 2255 has not expired.  The fact that the Court of Appeals may have rejected the arguments he seeks to advance here does not make his claim cognizable in a § 2241 action.

4

Furthermore, Petitioner's assertion of actual innocence does not authorize this Court to consider his habeas corpus petition. His claim is not based upon the contention that his conduct is no longer criminal as a result of some change in the law. Nor has he shown that he is unable to present his claims in a § 2255 proceeding. As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."  Clearly, Brown's claims do not fall within this narrow exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence.  See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009).

Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction. An appropriate Order follows.

        s/ Thomas I. Vanaskie
        Thomas I. Vanaskie
        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK L. BROWN,
    Petitioner

v.

B.A. BLEDSOE, et al.,
    Respondents

CIVIL NO. 3:CV-09-1436

(Judge Vanaskie)

## ORDER

NOW, THIS 10th DAY OF NOVEMBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Petitioner is granted leave to proceed in forma pauperis for the sole purpose of the filing of this action.

2. The Petition for a Writ of Habeas Corpus (Dkt. Entry # 1) is DISMISSED.

3. The Clerk of Court shall mark this matter CLOSED.

                                      s/ Thomas I. Vanaskie
                                      Thomas I. Vanaskie
                                      United States District Judge